Benjamin I. Whipple
481 West Arctic Avenue
Palmer, Alaska 99645
(907) 745-1776

Attorney for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Marina V. Diaz | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| Safeway, Inc. | ) ) |
| Defendant. | ) ) ) |
| | ) Case No. A05-0001CV (JWS) |

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S
FIRST DISCOVERY REQUESTS

COMES NOW plaintiff Marina Diaz, through counsel, and responds to the first discovery requests of defendant Safeway, Inc. ("Safeway"), as follows:

REQUEST FOR ADMISSIONS

REQUEST FOR ADMISSION NO. 1: Please admit that, with respect to Exhibit A, which is attached hereto, that it is a correct and true copy of an excerpt from a medical chart on Ms. Diaz from the Center for Women's Health Care.

RESPONSE: Admit.

REQUEST FOR ADMISSION NO. 2: Please admit that, prior to the birth of your son, Eugenio, you asked your treating physician, Dr. Faucett, if she would write something indicating your son suffered some abnormality or injury caused by your slip and fall at Safeway, even if your son did not suffer from a causally related abnormality or injury at birth.

RESPONSE: Admit.

## INTERROGATORIES

INTERROGATORY NO. 1: If your response to any of the foregoing requests for admission was anything other than an unqualified admission, please state the basis for your failure to unqualifiedly admit the request for admission.

RESPONSE: N/A

INTERROGATORY NO. 2: In your own words, please describe how the accident which is the subject of your complaint occurred, and in so doing, state precisely what you were doing and precisely where on Defendant Safeway's premises the alleged accident occurred. Please do not simply restate the allegations in the complaint.

RESPONSE: They went to Carrs in the afternoon of that day. It was Marina, her husband Eugenio, and her uncle Roberto Gonzales who came to the store. Roberto went to another part of store. They were there for groceries; a quick trip for a few items. The store didn't seem that crowded. She went to the produce area. She was wearing sandals; her feet were a little swollen. She was pregnant, about seven months.

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

2


EXHIBIT B
Page 2 of 13

Marina and Eugenio were walking side by side; he was holding her right hand. All of a sudden she slipped, kind of a split; her right foot went forward, and her left foot went backwards. Eugenio tried to catch her, but still she fell.

When she got up, she saw purple fruit, like plums or cherries, smashed on the floor. She saw one employee close to her doing something on the grapes, looking the other way. And there were two other employees on the other side, who were laughing when she fell. They didn't come over to help. Their laughing made her mad. She didn't talk to them. She went over to the customer service counter and talked to a manager. She told him there was fruit on the floor. He laughed when she told him she fell. She told him she was pregnant and he stopped laughing.

Her stomach felt some contractions so she went directly to Valley Hospital. They were driving in her uncle's GMC Safari. She may have signed a report at time; or she may have just given her name. The store manager took pictures with a polaroid after they had already cleaned up the mess. The manager asked her where she fell. He told the employees to clean it and then he took pictures. Only the stain was there, not the fruit. He asked if she had insurance. He said they would pay the bills.

They called about three weeks later, which made her mad. She already had a lawyer in Anchorage by then. They offered to have her sign a release and pay her bills. But when the lady learned she had a lawyer she said she couldn't talk to her.

When she fell, she felt hurt along her midriff. She also felt lower back pain and her right leg felt stretched.

Whipple
ney
West Arctic
er, AK 99645
1776
1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

3

EXHIBIT B
Page 3 of 13

She landed very hard. She fell straight down, not to the left or right. She did not hit a counter on the way down. She was at the hospital a couple of hours. At the hospital she felt more contractions. They checked her and she may have dilated that time or next. They sent her home with instructions to rest. This was her first pregnancy. Earlier in the pregnancy she had had some problems at about three months, some contractions for four days, but they went away after resting. Her main oby/gyn doctor was Dr. Faucett at Center for Women's Health Care in Wasilla.

So she stayed at home and rested. On July 8th when she was taking shower she saw blood. So she went to Valley Hospital. They kept her couple days, did an ultrasound, and told her the baby was OK. They located bleeding on the placenta, but the bleeding stopped.

Marina had a new employee orientation at WalMart on July 9th, which she couldn't attend because of the fall. She called WalMart from the hospital and explained that she couldn't go, that she had fallen. She spoke with Pat in personnel. Pat said, "Oh, I'm sorry. Hope you get better and the baby is fine."

Dr. Faucett saw her at the hospital. Dr. Faucett said Marina would have to work as a cashier, and work only 4 hours a day if she had to, and not lift. So later, Marina took in the doctor's order, and spoke to Pat, and Pat said that after she gave birth to come back.

Her child was born on Sepember 12th, and named Eugenio Luis de Jesus, Jr.

Whipple
rney
West Arctic
er, AK 99645
1776
1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

4

EXHIBIT B
Page 4 of 13

INTERROGATORY NO. 3: Please identify all persons who were present at the scene of the accident alleged in your complaint, including their residence address, telephone number and a description of their actions before and at the time of the accident alleged in your complaint.

RESPONSE:

Eugenio L. De Jesus
855 W. Fern Ave., Apt. B-7
Palmer, AK 99645
907-745-1366

Roberto Gonzales
855 W. Fern, Apt. B2
Palmer, AK 99645
907-746-7347

Marina Diaz

Unidentified store employees

INTERROGATORY NO. 4: Please identify any physical injury you contend you suffered as a result of the allegations in your complaint. In so doing, please identify with specificity any medical provider who has diagnosed you as having a physical injury, and, in addition, the date of such opinion and diagnosis.

RESPONSE: Please see plaintiff's response to interrogatory number two and plaintiff's initial disclosures and supplements thereto. The fall initially caused complications and concern regarding plaintiff's pregnancy. Thankfully, with care and rest plaintiff's pregnancy resulted in the healthy delivery of her son. However, plaintiff's lower back and right leg suffered injury in the fall. This

Whipple
rney
West Arctic
ner, AK 99645
·1776
·1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

EXHIBIT B
Page 5 of 13

5

continues with a stabbing pain which has made it hard to sleep at night and hard to bend over and function normally in many ways.

INTERROGATORY NO. 5: Please identify any medical provider who has given an opinion that any of the physical injuries identified in Interrogatory No. 4, above, were proximately caused by the allegations in your complaint.

RESPONSE: Objection: calls for legal conclusion. Please see the medical records in plaintiff's initial disclosures and supplements thereof.

INTERROGATORY NO. 6: Please identify by name, address and telephone number each and every health care provider who has provided care or consulted with you regarding medical care and treatment for your son, Eugenio Luis DeJesus (D.O.B. 09/12/02). The term "health care provider" includes, but is limited to, physicians, psychologists, psychiatrists, family counselors, drug and alcohol counselors, nurses, social workers, physicians' assistants, chiropractors, naturopaths, pharmacists or lab technicians.

RESPONSE: Please see the medical records in plaintiff's initial disclosures and supplements thereof.

INTERROGATORY NO. 7: For the ten-year period immediately preceding your receipt of these interrogatories, please identify each and every job you have held, including name, address and telephone number of the employer, dates employed by each, the name of your supervisor, your job title

Whipple
ney
West Arctic
er, AK 99645
1776
1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

6

EXHIBIT B
Page 6 of 13

and duties, your wage rate or salary, the average number of hours worked per week and the reasons for leaving the job.

RESPONSE: Plaintiff's first job was at Weis Supermarket in Reading, PA, when she was around sixteen or seventeen years old. She was paid about $6.50-7.00 an hour. Her duties were working the register as cashier. She worked part-time, sometimes up to 25-30 hours a week. She worked there for only two or three months.

She worked for WalMart in Wasilla, AK in 2002 for about two or three months. She was paid $8-8.25 an hour. Her duties again were working the register as a cashier. She worked part-time.

She also worked at WalMart in Reading, PA in 2003. This lasted about a week, because she was called to work at Telestar. She worked as a cashier for about $6-7 an hour.

She worked for Telestar Marketing in Reading, PA in 2003. She made calls to sell ComCast cable. She was paid $9.00 an hour the first month, and then $6.00 per hour plus commission afterwards. She worked there for one - two months, part-time.

She worked at the Peak Inn in Palmer, AK in 2004 as a housekeeper. She was paid $8.00 an hour. She worked there about two months, part-time.

She worked for Contemporary Personnel in Reading, PA in 2004. This employer assigned her to different temporary companies. Wages ranged from $7-8.65.

In 2005 she worked at the House of Veterans in Juana Diaz, Puerto Rico. She worked in the laundry. She was paid $5.15 per hour. This job was for two - three months.

Whipple
ney
West Arctic
er, AK 99645
1776
1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

7

EXHIBIT B
Page 7 of 13

INTERROGATORY NO. 8: Please describe all injuries or illnesses that you have suffered during the past ten years, describing the incident inflicting each injury, the date and location of the injury, the name and address of each person or entity you held responsible thereof, and any medical treatment you received.

RESPONSE: Plaintiff had her appendix removed in 2002 in Palmer, AK. Plaintiff had her gall bladder removed in 2002 in Palmer, AK. No significant injuries or serious illnesses other than those complained of herein.

INTERROGATORY NO. 9: Have you ever been involved in a lawsuit, whether civil or criminal in nature, litigation or an administrative or agency proceeding either as a plaintiff/complainant, defendant/respondent or third-party plaintiff or defendant? If so, state the name of the case, the location where it was filed, the name and address of any attorney that represented you, the court docket number or agency file number, and the results of the litigation or administrative proceeding.

RESPONSE: Plaintiff has not been involved in a lawsuit before. Nor has she had criminal charges against her.

INTERROGATORY NO. 10: Please identify all claims you have made as a result of any injury or claim of injury against any third-party because of a claim of personal or emotional harm. In so doing, please identify the date of the injury, the third party involved, and the entities or persons upon whom you made demand or claim for payment for juries, the

name of any attorney that represented you, the amount of any settlement you received, and the payor of such settlement.

RESPONSE: Plaintiff has not made any other claim other than that at issue herein.

INTERROGATORY NO. 11: Please list all addresses at which you have lived during the last ten (10) years and the length of time you have resided at each address.

RESPONSE: Plaintiff has lived at 623 Chestnut St., Reading, PA 19602 most of her life. Plaintiff lived at 3333 W. 88th St., Cleveland, OH 44102 about four months. In Alaska she lived at 855 W. Fern Ave., Apt. B-2, B-5 or B-7, Palmer, AK 99645 for about two years. She also lived at 510 Bigaman St., Reading, PA 19602 for three-four months. She also lived 409 S. 5th St., Reading, PA 19602 for about three months. She has lived at St. No. 1, Rio Can'as Arriba, Juana Diaz, PR 00795 since February 2005.

INTERROGATORY NO. 12: Identify by name and address each person whom you expect to call as an expert witness at trial, and as to each such expert, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, including a description of all information reviewed by the expert.

RESPONSE: Plaintiff has retained no expert at this time.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Please produce all medical records from health care providers you have identified in response to any of the interrogatories above, including all lab or test results, x-rays, hospital records, nurses' charts, physicians' notes, reports or evaluations, prescription medicine records and all other documents or tangible items evidencing medical treatment.

**RESPONSE:** Please see plaintiff's initial disclosures and supplements thereof.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents that support your damage claim identified in your complaint.

**RESPONSE:** Please see plaintiff's response to request for production number one.

**REQUEST FOR PRODUCTION NO. 3:** Please produce the footwear you were wearing on the date of the accident alleged in your complaint.

**RESPONSE:** Plaintiff's footwear was thrown away long ago and is therefore not available for production.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all correspondence, other than correspondence within the attorney/client privilege, which has been exchanged between you, or any of your agents or representatives, and any third person or entity relating or pertaining to the incident or injuries described in your complaint.

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)


EXHIBIT B
Page 10 of 13

RESPONSE: Please see plaintiff's response to request for production number one.

REQUEST FOR PRODUCTION NO. 5: Please produce all investigative notes, correspondence, notes of telephone conversations, notes of interviews, measurements, drawings, diagrams, photographs, and recordings or any other tangible items created by any investigator used by you or your lawyer in investigation of this case.

RESPONSE: Please see plaintiff's response to request for production number one.

REQUEST FOR PRODUCTION NO. 6: Please produce the results of any tests, experiments or recreations of the accident that is the subject of your complaint.

RESPONSE: Please see plaintiff's response to request for production number one.

REQUEST FOR PRODUCTION NO. 7: Please produce any diaries, journals. notes or documents of any kind which document in any way the incidents giving rise to this complaint, or your allegations of damages.

RESPONSE: Please see plaintiff's response to request for production number one.

REQUEST FOR PRODUCTION NO. 8: Please produce all documents referenced by you in any of your responses to the preceding interrogatories or requests for admission or relied on by you in responding to the preceding interrogatories or requests for admission.

Whipple
rney
West Arctic
ner, AK 99645
1776
1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

EXHIBIT B
Page 11 of 13

11

RESPONSE: Please see plaintiff's response to request for production number one.

REQUEST FOR PRODUCTION NO. 9: Please sign and return the enclosed releases for medical records, employment records, Workers' Compensation records, IRS records, social security earnings records.

RESPONSE: These materials are expected from plaintiff shortly.

DATED this 11th day of July 2005.

By _____
Benjamin I. Whipple
Alaska Bar # 9311096
Attorney for Plaintiff

Whipple
ney
West Arctic
ier, AK 99645
1776
1775 fax

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

12

EXHIBIT B
Page 12 of 13

## VERIFICATION

Territory of Puerto Rico )
                         )
County of _____ )

     I, Marina V. Diaz, say on oath that I certify that I have read the foregoing interrogatory answers and the answers are true and correct to the best of my knowledge.

_____
Marina V. Diaz

     SUBSCRIBED AND SWORN to before me this ___ day of July 2005.

_____
Notary Public In and For Puerto Rico

My Commission Expires: _____

---

I certify that an unverified copy of the foregoing was sent by first class mail to:

Ms. Donna M. Meyers
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Ave., Ste. 400
Anchorage, AK 99501-1990

on the 11th day of July 2005.

*/s/ Ben Whipple*
Benjamin I. Whipple

PLAINTIFF'S SECOND RESPONSE TO DEFENDANT'S FIRST DISCOVERY REQUESTS
DIAZ-DIS.003
CASE NO. A05-0001CV (JWS)

13

EXHIBIT B
Page 13 of 13