Donna M. Meyers
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  (907) 279-3581
FAX:      (907) 277-1331

Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARINA V. DIAZ, )<br>)<br>       Plaintiff, )<br>)<br>   vs. )<br>)<br>SAFEWAY, INC., )<br>)<br>       Defendant. )<br>_____) | Case No. A05-0001CV (JWS) |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* PRECLUDING PLAINTIFF'S TESTIMONY ON MEDICAL CAUSATION**

**I.     INTRODUCTION**

This is a personal injury action in which plaintiff, Marina Diaz ("Diaz"), claims physical injuries arising from a slip and fall accident on July 3, 2002.  *See generally* Complaint.  Specifically, Diaz claims she slipped on spilled fruit at defendant Safeway, Inc.'s ("Safeway") store when she was 7-months pregnant, and suffered serious injuries to her back and complications with her pregnancy, including premature contractions and bleeding.  *See* Complaint ¶s 5-7; *see also* **Exhibit A**, p. 3-6 and

**Exhibit B**, p. 3-6. Diaz also claims she suffered injury to her right leg from the fall. *See* **Exhibit A**, p. 3- 6 and **Exhibit B**, p. 3-6.

Safeway requested Diaz to identify any medical provider who has given her an opinion that any of her alleged physical injuries were proximately caused by her slip and fall accident. *See* **Exhibit A**, p. 6 and **Exhibit B**, p. 6. Diaz objected, claiming the discovery request called for a legal conclusion, and referred Safeway to her medical records in general. Id. Safeway also requested all documents supporting Diaz's damage claims, and Diaz again referred Safeway to her medical records provided in her initial disclosures and any supplements to them. *See* **Exhibit A**, p. 9 (Response to Request For Production No. 2). Diaz has never produced any expert reports from medical experts stating her alleged injuries were proximately caused by her slip and fall,[1] and she has not retained any experts to testify at trial.[2]

## II.   ARGUMENT

Federal Rule of Evidence 702 states in pertinent part:

**Rule 702.  Testimony by Experts**

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, sill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Federal Evidence Rule 703 also provides in pertinent part:

---

[1]  Diaz' expert reports were due on or before September 2, 2005. *See* Scheduling and Planning Order, dated March 30, 2005, p. 2.
[2]  *See* **Exhibit A**, p. 8 and **Exhibit B**, p. 9 (Response to Interrogatory No. 12).

**Rule 703. Bases of Opinion Testimony by Experts**

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

These rules clearly require a person testifying on subjects involving scientific or specialized knowledge to have some special knowledge, skill, experience, training or education in the subject in order to assist the trier of fact. The rules contemplate the need for expert testimony to establish issues beyond the comprehension of lay persons.

A plaintiff must produce expert medical testimony to prove the existence and cause of a medical injury. Franklin v. Shelton, 250 F.2d 92 (10th Cir. 1957); *see also* Estate of Arrowwood v. State, 894 P.2d 642 (Alaska 1995) (in interpreting Alaska Rule of Evidence 703, the Alaska Supreme Court noted it is guided by cases and commentary interpreting the Federal Rule of Evidence). As the court in Franklin noted:

> It is uniformly held that where injuries complained are of such character as to require skill and professional persons to determine the cause and extent thereof, they must be proved by testimony of medical experts.

Franklin, 250 F.2d at 97. When a party attempts to offer testimony regarding medical condition causation, the Court has a duty to determine the reliability of an opinion prior

to allowing the testimony.  Daubert v. Merrill Don Pharmaceuticals, 509 US 579, 592, 113 S.Ct. 2786, 125 L.Ed 469 (2003).  The Alaska Supreme Court has also recognized that expert medical testimony is needed where there is no reasonably apparent causal relationship between the event demonstrated and the result sought to be proved.  Choi v. Anvil, 32 P.3d 1, 3 (Alaska 2001).  Expert testimony is therefore required when the nature or character of a person's injuries require the special skill of an expert to help present the evidence to the trier of fact in a comprehensible format. Id.

        Thus, the issue of whether Diaz's alleged physical injuries were caused by the slip and fall at Safeway is clearly a matter requiring scientific, technical or other specialized knowledge.  However, Diaz has never produced any expert report from a qualified medical healthcare provider stating her alleged injuries were proximately caused by the slip and fall at Safeway.  Moreover, Diaz does not have the requisite specialized knowledge, experience, training or education rendering her qualified to give an opinion on medical causation.

        Diaz is a high school dropout who only attended high school for one year through the 9th grade.  Diaz depo., p. 64, lines 1-18.  She obtained her General Education Diploma ("GED") and studied business clerical work through the Job Corps. Diaz depo., p. 64, lines 21 to p. 65, line 7.  She has worked odd jobs such as a cashier in a supermarket, as a housekeeper for a hotel, and as a marketing representative selling cable services . Diaz depo., p. 65, lines 20 to p. 67, line 8; p. 71, lines 1-8; p. 79, line 1 to p. 80, line 5; p. 83, line 21 to p. 84, line 19; p. 88, lines 1-10; p. 89, lines 2-9; see also **Exhibit B**, p. 6-8 (Response To Interrogatory No. 7).  Diaz herself has no

medical training.  Diaz depo., p. 115, lines 19-20.  As of her deposition on October 18, 2005, Diaz had not even seen any healthcare provider since December 2004 for any alleged injuries she attributes to the slip and fall accident.  Diaz depo., p. 54, line 10 to p. 55, line 22.

Not only does Diaz lack any medical experience or training to offer testimony as to whether her alleged injuries or medical conditions or complaints were caused by her slip and fall accident, any statements she would make on that subject are suspect.  Prior to filing the lawsuit, Diaz attempted to solicit her primary healthcare provider for her pregnancy to commit fraud.  Approximately 1½ months following the accident, Diaz asked her obstetrician, Dr. Ellen Faucett, to prepare a written statement indicating there was something wrong with her yet unborn baby even if the baby was born without any abnormalities.  See **Exhibit A**, p. 1-2.  Diaz admitted her attempt to commit fraud in the following responses to Request For Admission:

> REQUEST FOR ADMISSION NO. 1:  Please admit that, with respect to Exhibit A, which is attached hereto, that it is a correct and true copy of an excerpt from a medical chart on Ms. Diaz from the Center for Women's Health Care.
>
> RESPONSE: Admit
>
> REQUEST FOR ADMISSION NO. 2:  Please admit that, prior to the birth of your son, Eugenio, you asked your treating physician, Dr. Faucett, if she would write something indicating your son suffered some abnormality or injury caused by your slip and fall at Safeway, even if your son did not suffer from a causally related abnormality or injury at birth.
>
> RESPONSE: Admit.

See **Exhibit A**, p. 1-2.

Diaz also offered to share any money she obtained from the lawsuit with Dr. Faucett, if Dr. Faucett agreed to make the fraudulent statement.

> Q. Did you actually tell Dr. Faucett that you were willing to share the money with her from the lawsuit if she said there was something wrong with your baby when there wasn't anything wrong with him?
>
> A. Yes.

Diaz depo., p. 96, lines 11-15. Fortunately, Dr. Faucett refused Diaz's offer, and explained to Diaz that she was asking her to commit fraud which she would not do. Diaz depo., p. 96, lines 21-23.

Even though Diaz can testify at trial about her alleged physical complaints and injuries following the slip and fall accident, she cannot offer any testimony that her complaints and injuries were proximately caused by the slip and fall accident. Accordingly, the jury cannot determine causation without evidence of some expert testimony linking Diaz's alleged pregnancy complications, and back, neck, and leg injuries to the slip and fall accident. Any assertions by Diaz that her alleged injuries were proximately caused by the slip and fall accident would be based solely on speculations, personal guesses and assumptions, which are insufficient to establish the element of causation on any negligence claim such as this. See Wickwire v. Arctic Circle Air Service, 722 P.2d 930, 934 (Alaska 1986).

There is no legitimate or permissible basis for Diaz to discuss or offer any her own testimony regarding a causal connection between her slip and fall accident and her pregnancy complications, and injuries to her back, neck and right leg. Therefore, Diaz should be precluded from offering such testimony at trial. See Federal Rule of Evidence 401.

### III. CONCLUSION

Any testimony by Diaz regarding whether her alleged injuries are causally related to the slip and fall accident on July 3, 2002, is not expert testimony under Federal Rule of Evidence 702 and 703. Safeway therefore respectfully requests the Court to preclude Diaz from offering opinions that any alleged physical or mental injuries are causally related to her slip and fall accident.

DATED at Anchorage, Alaska this _____ day of January, 2006.

> DELANEY, WILES, HAYES,
> GERETY, ELLIS & YOUNG, INC.
> Attorneys for Defendant SAFEWAY, INC.
>
> s/ Donna M. Meyers
> 1007 West Third Avenue, Suite 400
> Anchorage, Alaska   99501
> Phone:  907-279-3581/Fax:  907-277-1331
> Alaska Bar No.  9060011

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* PRECLUDIING PLAINTIFF'S TESTIMONY ON MEDICAL CAUSATION was served electronically and mailed via USPS, first class, postage prepaid on the 17th day of January, 2006, to:

Benjamin I. Whipple, Esq.
481 West Arctic Avenue
Palmer, Alaska   99645

_____
Donna M. Meyers/112720