Benjamin I. Whipple
481 West Arctic Avenue
Palmer, Alaska 99645
(907) 745-1776
bwhipple@mtaonline.net

Attorney for Plaintiff

RECEIVED
FEB 1 3 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Marina V. Diaz, )  )           Plaintiff, )  ) v. )  ) Safeway, Inc., )  )           Defendant. )  )  _____ ) | Case No. A05-0001 CV (JWS) TMB |

OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
PRECLUDING PLAINTIFF'S TESTIMONY
ON MEDICAL CAUSATION

COMES NOW plaintiff Marina Diaz, through counsel, and opposes defendant Safeway, Inc.'s motion in limine to preclude plaintiff's testimony on the issue of medical causation.

Defendant seeks to bar plaintiff Marina Diaz from telling the jury the following:

- that when she slipped and fell in the Carr's produce section "she was pregnant, about seven months." Defendant's Exhibit B, at 2.

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

OPPOSITION TO MOTION IN LIMINE
DIAZ-PLE.007
A05-0001 CV (JWS)

1

- that immediately after she fell "her stomach felt some contractions so she went directly to Valley Hospital." Id., at 3.

- that "[w]hen she fell, she felt hurt along her midriff. She also felt lower back pain and her right leg felt stretched." Id.

- that "[a]t the hospital she felt more contractions." Id., at 4.

- that the Hospital "sent her home with instructions to rest." Id.

- that "she stayed home and rested." Id.

- that "[o]n July 8th when she was taking [a] shower she saw blood. So she went to Valley Hospital. They kept her [a] couple days, did an ultrasound, and told her the baby was OK. They located bleeding on the placenta, but the bleeding stopped." Id.

Defendant argues that this testimony should be inadmissible coming from plaintiff because she is no medical expert. Defendant cites <u>Choi v. Anvil</u>, 32 P.3d 1, 3 (Alaska 2001) as if the holding in this case supports it's argument. To the contrary, in <u>Choi</u>, involving injuries arising from a rear-end auto accident, the Alaska Supreme Court declined to hold that medical expert testimony was necessary to prove causation in all personal injury actions:

> Choi urges us to adopt a rule that would require expert testimony to establish causation of "subjective injuries" in personal injury actions. Citing several Nebraska Supreme Court cases, Choi argues that his proposed rule is justified because "[s]ubjective injuries require a

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

OPPOSITION TO MOTION IN LIMINE
DIAZ-PLE.007
A05-0001 CV (JWS)

2

> lay person to speculate as to the existence and cause of [an] injury." We decline to adopt such a rule.

Choi, at 3 (footnotes omitted)

The Alaska Supreme Court explained that the Nebraska rule "fails to give credit to the life experiences of jurors and judges as triers of fact." Id. The Court examined the trial record and found that it "demonstrates the adequacy of lay testimony to establish causation and damages of subjective injuries in typical cases." Id. The plaintiffs described what happened to their bodies at the moment of impact, where they felt pain and how the accident affected their future mental state. The Court found "[t]his lay testimony, based on personal observation, described a situation easily understood by a jury: a rear-end automobile collision causing relatively common injuries." Id.

Plaintiff Marina Diaz' case is no different. She fell, and immediately felt contractions as well as pain in the parts of her body affected. She sought medical care to be checked out that very day, and then again a few days later when she started bleeding in the shower.[1] The Hospital noted temporary bleeding of the placenta. Thankfully, the pregnancy continued until full term and the baby was born without injury. She also sought chiropractic care and pain medication to alleviate her back pain. Plaintiff submits that a medical

---

[1] If plaintiff had not sought immediate care after experiencing these symptoms directly after the fall, defendant would instead be arguing that plaintiff failed to mitigate her damages.

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

OPPOSITION TO MOTION IN LIMINE
DIAZ-PLE.007
A05-0001 CV (JWS)

3

opinion is unnecessary for a jury to connect the dots of these simple facts; particularly when, for the most part, they demonstrate an *absence* of serious injury or complications. Defendant's motion is unfounded.

DATED this 10th day of February 2006.

By *Ben Whipple*
Benjamin I. Whipple
Alaska Bar No. 9311096
Attorney for Plaintiff

I certify that a copy of the foregoing was mailed by first class mail to:

Ms. Donna M. Meyers
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Ave., Ste. 400
Anchorage, AK 99501-1990

on the 10th day of February 2006.

*Ben Whipple*
Benjamin I. Whipple

Ben Whipple
Attorney
481 W. Arctic
Palmer, AK 99645
907-745-1776
745-1775 fax

OPPOSITION TO MOTION IN LIMINE
DIAZ-PLE.007
A05-0001 CV (JWS)

4