Donna M. Meyers
Delaney, Wiles, Hayes,
Gerety, Ellis & Young, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
PHONE:  (907) 279-3581
FAX:      (907) 277-1331

Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARINA V. DIAZ,                    )<br>                                                  )<br>           Plaintiff,                    )<br>                                                  )<br>      vs.                                       )<br>                                                  )<br>SAFEWAY, INC.,                       )<br>                                                  )<br>           Defendant.                  )<br>_____) | Case No. A05-0001CV (JWS) |

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE*
PRECLUDING PLAINTIFF'S TESTIMONY ON MEDICAL CAUSATION**

Defendant Safeway, Inc. ("Safeway") moved to preclude plaintiff from offering testimony on medical causation, not to preclude her from testifying about how her slip and fall occurred, and the symptoms she experienced during and immediately after the fall.  Plaintiff has completely misconstrued the relief Safeway requested and the basis for the motion.

The purpose of Safeway's motion was to preclude plaintiff from giving opinions she is not qualified to render.  The opinions Safeway seeks to preclude are plaintiff's opinions regarding the diagnosis of or cause of any alleged medical conditions.  Those

opinions should be precluded because plaintiff is not qualified to render expert medical testimony regarding whether her slip and fall caused any particular medical conditions or injuries.

Contrary to the assertions in plaintiff's opposition, Safeway's motion does not seek to preclude plaintiff from testifying that: (1) she was 7 months pregnant when she slipped and fell; (2) after the incident she felt contractions, pain in her midriff, and lower back and her right leg felt stretched; (3) she felt contractions at the hospital; (4) the hospital sent her home to rest and she did so; and (5) several days later on July 8th she noticed blood and was hospitalized for a couple of days where an ultrasound was performed, and she was told the baby was fine and bleeding on the placenta was located, but the bleeding was stopped.  Safeway never sought to preclude such testimony because none of the described testimony amounts to an opinion that the described medical conditions were causally related to plaintiff's slip and fall.  What Safeway seeks to preclude are opinions from plaintiff that the slip and fall caused a herniated disc or any other transitory or permanent or pathological back condition, preterm labor, or placental bleeding.  Such opinion testimony is distinctly different from any testimony from plaintiff regarding any subjective physical symptoms she may have experienced immediately following the incident.

The distinction between describing any such symptoms and testifying those symptoms were caused by the incident is not insignificant.  Plaintiff has a pre-history of similar, if not identical, symptoms, and had a constellation of other medical problems which could have caused the medical conditions plaintiff would like to attribute the incident.  For example, during plaintiff's pregnancy and prior to the incident, her

medical history that included complaints related to difficulty sleeping, urinary tract infections, stomach cramping, back and abdominal pain, and a sexually transmitted disease.[1]  After the incident, plaintiff was also diagnosed with gestational diabetes, which is a condition that is not obviously related to a slip and fall, but is a condition which could cause pregnancy complications, such as preterm labor contractions. A lay person is not competent by virtue of her everyday common experience to determine whether plaintiff's alleged injuries to her back or her preterm labor contractions or placental bleeding are related to the normal complications of pregnancy or to any of plaintiff's pre-existing problems or her unrelated gestational diabetes.  Indeed, when plaintiff was released to work with restrictions just twenty days after the incident, her obstetrician described the reasons for the restrictions as "complications of pregnancy", and did not attribute the restrictions to any injuries allegedly sustained because of physical injuries plaintiff suffered in the fall.[2]

Unlike the lay testimony allowed in *Choi v. Anvil*, 32 P.3d 1, 3 (Alaska 2001), plaintiff's testimony on any causal relationship between the fall and her pregnancy complications and alleged back injury does not concern a matter within the common knowledge and experience of the average person.  In *Choi*, the court upheld the admission of lay testimony, noting:

> [The] lay testimony, based on personal observation, described a situation easily understood by a jury: a rear-end automobile collision causing relatively common injuries. [Footnote omitted].  These injuries manifested symptoms like pain, stiffness, and loss of strength.

---

[1] *See e.g.* Medical Records (Doc Nos. 400053-57; 400067-68), attached as **Exhibit D**.
[2] *See e.g.* **Exhibit D** (Doc. No. 400159).

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION *IN LIMINE*
PRECLUDING PLAINTIFF'S TESTIMONY ON MEDICAL CAUSATION
*Diaz v. Safeway, Inc.*; Case No. A05-0001 CV (JWS)                          Page 3 of 5

*Id*. at 4. However, plaintiff's alleged injuries concerning preterm labor contractions and placental bleeding are not conditions of a common nature and that arise from a readily identifiable cause. Here, medical expert testimony is required to establish a causal connection because there is no reasonably apparent causal relationship between the fall and the results sought to be proved,³ which are plaintiff's alleged pregnancy complications, and continuing back injury. While plaintiff claims in her opposition that expert testimony is not required because the facts represent "an <u>absence</u> of serious injury or complications", plaintiff <u>is</u> alleging her back pain "continues with a stabbing pain which has made it hard to sleep at night and hard to bend over and function normally in many ways".⁴ Any opinion testimony on the causation of plaintiff's alleged continuing back pain almost 3½ years after the incident, which affects major life activities, is "not limited to symptoms which are proximate enough to the injury that lay opinion can be deemed competent and reliable." *See Dodge-Farrar v. American Cleaning Services Co., Inc.*, 54 P.3d 954, 957 – 958 (Idaho App. 2002)("[L]ay testimony on causation must be limited to the symptoms which are proximate enough to the injury that lay opinion can be deemed competent and reliable."). Even plaintiff's physical therapist in 2004 could not provide plaintiff with an opinion on whether her back pain was caused by the fall in 2002 or her recent pregnancy.⁵

---

³See *Jakoski v. Holland*, 520 P.2d 569, 575 (Alaska 1974)("Medical expert testimony is not required to establish a causal connection "only were there is no reasonably apparent causal relationship between the event demonstrated and the result sought to be proved.")
⁴*See* **Exhibit B**, p. 5-6, attached to Safeway's Memorandum Re: Motion in Limine to Preclude Testimony on Medical Causation.
⁵*See* **Exhibit D** (Doc. No. 400293).

Plaintiff does not dispute the basic premise of Safeway's motion, which is her lack of any medical qualifications to offer expert medical testimony. Because there is no dispute that she does not posses the requisite medical qualifications to render such testimony, plaintiff should be precluded from offering any opinion testimony regarding medical issues beyond the scope of a lay person's common experience and understanding. Accordingly, plaintiff should be precluded from offering any causation opinions regarding the slip and fall incident and her alleged injuries, other than any pain she might have experienced contemporaneously or immediately after the incident.

DATED at Anchorage, Alaska this 16th day of February, 2006.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
Attorneys for Defendant SAFEWAY, INC.


s/ Donna M. Meyers
1007 West Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  907-279-3581/Fax:  907-277-1331
Alaska Bar No.  9060011

**CERTIFICATE OF SERVICE**

I hereby certify that a true and
correct copy of the foregoing
document **REPLY TO OPPOSITION
TO MOTION *IN LIMINE* PRECLUDING
PLAINTIFF'S TESTIMONY ON MEDICAL
CAUSATION** was served electronically
and mailed via USPS, first class,
postage prepaid on the 16th day of February, 2006, to:

Benjamin I. Whipple, Esq.
481 West Arctic Avenue
Palmer, Alaska  99645


s/Donna M. Meyers/113777