IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARINA V. DIAZ,<br><br>                Plaintiff,<br><br>   vs.<br><br>SAFEWAY, INC.,<br><br>                Defendant. | Case No. 3:05-CV-0001 TMB<br><br>O R D E R Re: MOTION IN LIMINE<br><br>(Docket 18) |

       This personal injury action arises from a slip-and-fall accident on July 3, 2002, in a Safeway grocery store. Docket 1, Exhibit B (Complaint). At the time of the fall, Plaintiff was seven months pregnant. Id. According to the Complaint, the fall resulted in "premature contractions and bleeding, which caused plaintiff to suffer emotional distress. . . . In addition to incurring past and future medical expenses and pain and suffering, plaintiff has lost wages and suffered diminished ability to engage in her occupation as a result of defendant's negligence." Id. Plaintiff alleges damages in excess of $75,000. Id.

       Defendant Safeway has filed a Motion in *Limine* to preclude Plaintiff from testifying with respect to medical causation of her injuries. Docket Nos. 18, 19 & 20. Plaintiff has opposed the motion, and Defendant has replied. Docket Nos. 26 & 24.

       Defendant relies upon Federal Rules of Evidence 702 & 703, seeking to prohibit the Plaintiff from offering testimony regarding the causation of her physical injuries as related to the slip-and-fall at Safeway. Docket 20. Specifically, Defendant complains that "Diaz does not have the requisite specialized knowledge, experience, training or education rendering her qualified to give an opinion on medical causation." Docket 20 at 4. Defendant notes that the Alaska Supreme Court has recognized that expert medical testimony is needed where there is no reasonably apparent causal relationship between the event demonstrated and the result sought to be proved. Docket 20 at 4, citing Choi v. Anvil, 32 P.3d 1, 3 (Alaska 2001). Defendant contends that "the issue of

1

whether Diaz's alleged physical injuries were caused by the slip and fall at Safeway is clearly a matter requiring scientific, technical or other specialized knowledge." Docket 20 at 4. "Even though Diaz can testify at trial about her alleged physical complaints and injuries following the slip and fall accident, she cannot offer any testimony that her complaints and injuries were proximately caused by the slip and fall accident. Accordingly, the jury cannot determine causation without evidence of some expert testimony linking Diaz's alleged pregnancy complications, and back, neck, and leg injuries to the slip and fall accident." Docket 20 at 6.

Plaintiff opposes the Motion, complaining that Defendant's motion seeks to bar her from telling the jury that when she fell she was seven months pregnant, that immediately after she fell she had contractions and went to the hospital, that she experience pain when she fell, that the hospital instructed her to go home and rest, that she saw blood in the shower a few days later, and that when she returned to the hospital she learned that there was bleeding on the placenta, but that it had stopped. Docket 26. Plaintiff also relies on Choi v. Anvil, noting that the Alaska Supreme Court held that medical expert testimony was not always necessary to prove causation in all personal injury actions. Docket 26 at 2.

In Choi, the court noted that "lay testimony, based on personal observation, described a situation easily understood by a jury: a rear-end automobile collision causing relatively common injuries. . . . Although a medical expert might have more precisely described the relationship between the impact and the effects described by the plaintiffs, the jury, using everyday experience, could readily find a causal relationship without this expert assistance." 32 P.3d at 4. The court held that "because the causation and injuries were reasonably related to the impact between the automobiles, there was no need for an expert" Id.

Plaintiff suggests that her case is no different from an auto accident, as her contractions, pain, and bleeding started within moments or a few days after her fall in the grocery store. Docket 26 at 3. "Plaintiff submits that a medical opinion is unnecessary for a jury to connect the dots of these simple facts; particularly when, for the most part, they demonstrate an absence of serious injury or complications." Docket 26 at 3-4.

2

In Reply, Defendant suggests that Plaintiff has misconstrued the relief requested in the underlying motion. Docket 24. Defendant does not seek to preclude her from testifying about how her slip and fall occurred or the symptoms she experienced during and immediately after the fall. Docket 24. Rather, the purpose of the Motion in *Limine* is to preclude Plaintiff from giving opinions regarding "the diagnosis of or cause of any alleged medical conditions," including her lay opinion "that the slip and fall caused a herniated disc or any other transitory or permanent or pathological back condition, preterm labor, or placental bleeding." Docket 24 at 2. Defendant argues that the distinction between describing her symptoms and testifying that those symptoms were caused by the slip and fall is important because Plaintiff has a history of medical problems, several of which could have caused the conditions she attributes to the slip and fall.[1] Id. Defendant argues that the causal relationship between the fall and the pregnancy complications and back injury is not a matter within the "common knowledge and experience of the average person," as contemplated in Choi. Defendant is adamant that expert testimony is "required to establish a causal connection because there is no reasonably apparent causal relationship between the fall and the results sought to be proved, which are plaintiff's alleged pregnancy complications, and continuing back injury." Docket 24 at 4.

Based on the pleadings, the parties generally agree that Plaintiff should be permitted to testify that when she fell she was seven months pregnant, that immediately after she fell she had contractions and went to the hospital, that she experience pain when she fell, that the hospital instructed her to go home and rest, that she saw blood in the shower a few days later, and that when she returned to the hospital she was told that there was bleeding on the placenta, but that it had stopped. Docket 26 at 1-2; Docket 24 at 2. However, Defendant complains that "Diaz does not have the requisite specialized knowledge, experience, training or education rendering her qualified to give an opinion on medical causation." Docket 20 at 4. Plaintiff argues that "a medical opinion is unnecessary for a jury to connect the dots of these simple facts." Docket 26 at 3-4.

---

[1] For example, subsequent to the fall, Plaintiff was diagnosed with gestational diabetes, which is a condition that could cause pregnancy complications such as preterm labor contractions.

3

Ultimately, this matter is governed by Fed. R. Civ. P. 701:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and ( c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Plaintiff is not qualified to offer testimony under Rules 702 and 703 that her injuries or medical conditions are causally related to her slip and fall on July 3, 2002. **The Motion in *Limine* at Docket 18 is GRANTED.** Plaintiff's testimony may include the circumstances surrounding her slip and fall and her alleged physical complaints and injuries following the accident, but she cannot offer any testimony that her subsequent complaints and injuries were proximately caused by the slip and fall accident.

Dated at Anchorage, Alaska, this 23rd day of March, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge