Donna M. Meyers
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
(907) 279-3581

Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARINA V. DIAZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| SAFEWAY, INC., | ) ) ) |
| Defendant. | ) ) |
| _____ ) | Case No. A05-0001CV (TMB) |

**(PROPOSED) MEMORANDUM IN SUPPORT OF DEFENDANT
SAFEWAY'S MOTION TO JOIN AN INDISPENSABLE PARTY**

**I.   INTRODUCTION**

Plaintiff Mariana Diaz has filed this personal injury tort action against Defendant Safeway, Inc. ("Safeway") seeking, among other things, compensation for her past medical expenses.  The State of Alaska has notified Safeway that it considers itself a party with an interest in this case and it seeks compensation from Safeway for Diaz' past medical expenses.  The Court should therefore grant Safeway's motion to join the State of Alaska as a party plaintiff or as an intervenor for purposes of asserting its claim to a statutory assignment, lien and subrogation rights arising out of Medicaid payments made on behalf of Diaz.

## II.     FACTS AND PROCEDURAL HISTORY

This case involves a slip and fall that occurred on July 3, 2002 at a Carrs store owned by defendant Safeway, Inc. ("Safeway").[1] Plaintiff Marina Diaz, who was seven months pregnant, claims she slipped and fell on a grape and sustained, among other things, physical injuries.[2] Diaz sought medical treatment which was paid primarily through Medicaid benefits. Diaz filed suit against Safeway seeking, among other things, compensation for her past medical expenses.[3] The State of Alaska claims a statutory assignment, lien and subrogation rights arising out of the past medical payments made on behalf of Diaz.[4] Safeway has denied any liability for Diaz' injuries.[5]

Safeway requested information from the State of Alaska regarding Diaz' Medicaid records. The State of Alaska responded to the request by letter dated January 23, 2006, and asserted the State's entitlement to recover a Medicaid lien totalling $9,262.41.[6] In its letter, the State also explained: "The State considers itself a party with an interest in the recovery at issue and in any payments made in settlement."[7] Because of the State's asserted interest, Safeway has filed the motion to have the State added as a party to this litigation.

---

[1] *See generally* Complaint.
[2] *Id.* at ¶5.
[3] Complaint at ¶10.
[4] *See* Exhibit A at 1-2; letter from Assistant Attorney General Twomey, dated January 23, 2006.
[5] *See generally* Answer.
[6] Exhibit A at 2. Initially, the State claimed the Medicaid lien was $9,593.26, but subsequently acknowledged there was an error in its computation and sent a subsequent letter to Safeway's counsel stating the correct amount is $9,262.41. *See* Exhibit B, letter from Assistant Attorney General Twomey dated February 16, 2006.
[7] Exhibit A at 2.

### III.   DISCUSSION

**A.   The Court Should Grant Safeway's Motion To Join The State Of Alaska**

   **1.   The State of Alaska Is A Real Party In Interest**

Federal Rule of Civil Procedure 17 requires that "[e]very action shall be prosecuted in the name of the real party in interest."[8] The State of Alaska has the right to assert a medical assistance lien against a third-party payor.[9] The State of Alaska has stated that it "considers itself a party with an interest in recovery at issue and in any payments made in settlement."[10] The State of Alaska seeks $9,262.41 for its payment of medical services that it believes are related to Diaz' injury.[11] Since Diaz is claiming medical expenses as a result of her accident, and the State is claiming a right to those medical payments made on Diaz' behalf, the State of Alaska is a real party in interest in regards to $9,262.41 in Diaz' past medical expenses.[12] Because the State is a real party in interest, the Court should grant Safeway's motion to join the State of Alaska as a party plaintiff or as an intervener for purposes of asserting its claim to a statutory assignment, lien and subrogation rights arising out of Medicaid payments made on behalf of Diaz.

---

[8] *See* Fed. R. Civ. P. 17(a).
[9] Exh. A at 2; 42 U.S.C. § 1396a; AS 47.05.075; *Truckweld Equipment Co. v. Swenson Trucking & Excavating, Inc.*, 649 P.2d 234, 237-39 (Alaska 1982) (concluding in suit that was brought for damage to dump truck caused by allegedly defective repairs and plaintiff was suing for amount for which it had been reimbursed by insurer as well as for remainder of its claim, insurer should have been joined as real party in interest).
[10] Exh. A at 2.
[11] Exh. A at 1-2; Exh. B.
[12] *See* Fed. R. Civ. P. 17(a).

## 2. Joinder Of The State Is Warranted Under Civil Rule 19

Federal Rule of Civil Procedure 19 requires joinder of parties who claim an interest relating to the subject of the action and leave any of the entities already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.[13]

The Court should order the State of Alaska to be joined to this case under Civil Rule 19(a). The State of Alaska is subject to service of process and its joinder will not deprive this Court of jurisdiction.[14] Here, by not being made a party, the State of Alaska is impairing or impeding its ability to protect its interest in receiving compensation from Safeway for medical payments the State of Alaska made on Diaz' behalf.[15] Moreover, if the State of Alaska is not made a party to this case, Safeway may be subject to a

---

[13] Fed. R. Civ. P. 19(a).
[14] See Fed. R. Civ. P. 19(a).
[15] See Fed. R. Civ. P. 19(a)(2)(i); Exh. A at 1-2.

substantial risk of incurring double, multiple, or otherwise inconsistent obligations.[16] This could occur if a jury determines that Safeway is liable to Diaz, but awards Diaz damages less than $9,262.41, and these damages may or may not be attributable to her medical expenses or may account for only a part of Diaz' medical expenses. After Safeway has paid the amount of any such judgment to Diaz, the State could then attempt to prosecute a second action against Safeway for the full and possibly duplicative amount of compensation for Diaz' medical expenses.

Under these circumstances, pursuant to Civil Rule 19, the Court should grant Safeway's motion to join the State of Alaska as a party plaintiff or as an intervener for purposes of asserting its claim to a statutory assignment, lien and subrogation rights arising out of Medicaid payments made on behalf of Diaz.

### 3. Joinder Of The State Is Warranted Under Civil Rule 20

Federal Rule of Civil Procedure 20 permits joinder of parties when the relief sought arises out of the same transaction or occurrence and if any common questions of law or fact will arise in the action:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or

---

[16] *See* Fed. R. Civ. P. (a)(2)(ii).

(PROPOSED) MEMORANDUM IN SUPPORT OF DEFENDANT
SAFEWAY'S MOTION TO JOIN AN INDISPENSABLE PARTY
Diaz v. Safeway, Inc., Case No. A05-0001 CV (TMB)                                     Page 5 of 7

> defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.[17]

Here, there exists common questions of law or fact that are derived from Diaz' alleged slip and fall that occurred on July 3, 2002 at a Carrs store owned by Safeway, i.e., whether Safeway was the legal cause of Diaz' past medical expenses, what is the amount of Diaz' past medical expenses that are attributable to Safeway, and to what entity should Safeway make payment to. Under these circumstances, pursuant to Civil Rule 20, the Court should grant Safeway's motion to join the State of Alaska as a party plaintiff or as an intervenor for purposes of asserting its claim to a statutory assignment, lien and subrogation rights arising out of Medicaid payments made on behalf of Diaz.

## IV.   CONCLUSION

For all the foregoing reasons, the motion for joinder should be granted and the State of Alaska should be joined as a party plaintiff. Plaintiff Marina Diaz' claim for past medical expenses cannot be resolved without the intervention by the State of Alaska. Accordingly, Safeway's motion to join the State of Alaska should be granted.

DATED at Anchorage, Alaska this 5th day of April, 2006.

                              DELANEY WILES, INC.

                              s/ Donna M. Meyers
                              Alaska Bar No. 9060011
                              dmm@delaneywiles.com
                              1007 West Third Avenue, Suite 400
                              Anchorage, Alaska   99501
                              Phone: 907-279-3581/Fax: 907-277-1331

---

[17] Fed. R. Civ. P. 20(a).

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct
copy of the foregoing **(PROPOSED) MEMORANDUM
IN SUPPORT OF DEFENDANT SAFEWAY'S
MOTION TO JOIN AN INDISPENSIBLE PARTY**
was served electronically and mailed via
USPS, first class, postage prepaid on
the 5th day of March, 2006, to:

Benjamin I. Whipple, Esq.
481 West Arctic Avenue
Palmer, Alaska  99645

s/Donna M. Meyers/114145