Donna M. Meyers
dmm@delaneywiles.com
Delaney Wiles, Inc.
1007 W. Third Avenue, Suite 400
Anchorage, Alaska  99501
Phone:  (907) 279-3581
Fax:  (907) 277-1331

Attorneys for Safeway, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARINA V. DIAZ,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFEWAY, INC.,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. A05-0001CV (TMB) |

**DEFENDANT SAFEWAY, INC.'S STATUS REPORT**

COME NOW defendant Safeway, Inc., and files the following status report pursuant to the Court's Order for Pre-Trial Proceedings and Final Pre-Trial Conference, dated March 24 2006.[1]

  A. Statement of Issues:

    1. Was Safeway negligent?

Generally, plaintiff must prove by a preponderance of evidence that Safeway owed a duty of care, it breached that duty, and plaintiff suffered injuries as a proximate

---

[1] The parties did not confer in advance of the due date for this report, and therefore each party is submitting its own separate statement of issues and uncontested facts.  The undersigned respectively apologizes to the court for any confusion caused by the separate filing.

result of the alleged breach of that duty. Safeway does not deny it owed a duty of reasonable care, but denies the duty requires it to *ensure* the premises are safe for its customers. The duty only requires Safeway to take reasonable measures to provide reasonably safe premises.

Safeway also denies it breached its duty to maintain its premises in a reasonably safe condition in view of all of the circumstances or that it breached a duty to warn plaintiff of any hazard because Safeway was not aware of known hazards that arguably caused plaintiff's alleged fall. Even though plaintiff reported the slip and fall accident on the day it allegedly occurred, Safeway disputes whether plaintiff even slipped and fell notwithstanding there were grape stains on the back of plaintiff's clothes. Plaintiff's subsequent attempt to solicit her treating physician to commit fraud casts overwhelming doubt as to whether the accident occurred since it can be reasonably inferred that plaintiff could have staged the accident from the very beginning.

Even if plaintiff actually fell on fruit remnants on its premises, Safeway denies plaintiff's alleged injuries and damages proximately resulted from such a fall since plaintiff's injuries could have resulted from plaintiff's pre-existing health and medical conditions and/or normal complications of pregnancy.

    2.    Was plaintiff Marina Diaz comparatively negligent?

Safeway has the burden to prove by a preponderance of evidence that plaintiff failed to exercise reasonable care under the circumstances.

    3.    What injuries and damages, if any, did plaintiff suffer as a result of the alleged slip and fall at Safeway on July 3, 2002, and what injuries were attributable to plaintiff's pre-existing medical conditions and/or plaintiff's unrelated pregnancy complications?

Plaintiff must prove by a preponderance of evidence that she suffered injuries or incurred damages that proximately resulted from the alleged slip and fall, and Safeway has the burden to prove by a preponderance of evidence that plaintiff failed to mitigate any alleged injuries/damages.

   4.  Did Safeway act with callous disregard and/or reckless indifference to plaintiff's safety and well-being?

Plaintiff must prove with clear and convincing evidence that Safeway acted with actual malice or its behavior was so outrageous as to be morally equivalent to actual malice such as "a gross deviation from an acceptable standard of reasonable conduct," or "[c]onscious action in deliberate disregard of others." *State Farm Mut. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992); *Hayes v. Xerox Corp.*, 718 P.2d 929, 934-35 (Alaska 1986) (quotations omitted). Safeway denies it engaged in the alleged conduct forming the basis for plaintiff's punitive damages claim. *Assuming arguendo* that plaintiff slipped on fruit on Safeway's premises and that one or more employees laughed at the time of plaintiff's fall, allegations which Safeway adamantly denies, such alleged conduct by itself does not meet the threshold showing required to submit a punitive damages claim to the jury.

   B.  Statement of Uncontested Facts:

   1.  Plaintiff was approximately 31 weeks pregnant on July 3, 2002 when she went into the Safeway store located at 535 W. Evergreen Pioneer Square, Suite 14, Palmer, Alaska, and subsequently reported to management that she had slipped and fallen in fruit spilled on the floor in the produce area of the store.

     2.    Plaintiff was evaluated and provided medical treatment at Valley Hospital on July 3, 2002, and thereafter by Ellen Faucett, DO.

     3.    Plaintiff later delivered a healthy baby and is not claiming in this lawsuit that the baby suffered any injuries from the alleged accident.

     4.    However, during plaintiff's pregnancy she solicited Dr. Faucett to provide a false statement regarding injuries to her unborn child by agreeing to share any financial proceeds from the lawsuit with Dr. Faucett in exchange for the false statement, but Dr. Faucett informed plaintiff such actions would constitute fraud and refused to participate in plaintiff's scheme.

DATED at Anchorage, Alaska this 24th day of July, 2006.

DELANEY WILES, INC.
Attorneys for Defendant SAFEWAY, INC.

s/Donna M. Meyers
dmm@delaneywiles.com
Alaska Bar No. 9060011
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501
Phone: 907-279-3581/Fax: 907-277-1331

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document **DEFENDANT SAFEWAY, INC.'S STATUS REPORT** was served electronically on the 24th day of July, 2006, on:

Benjamin I. Whipple, Esq.
481 West Arctic Avenue
Palmer, Alaska 99645

s/Donna M. Meyers/119613