IN THE UNTIED STATED DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MARINA V. DIAZ, )
 )
    Plaintiff, )
 )
Vs. )
 )
SAFEWAY, INC., )
 )
    Defendant. )
_____)
 )
STATE OF ALASKA, DEPARTMENT OF )
HEALTH & SOCIAL SERVICES, )
 )
    Plaintiff Intervenor )
_____) Case No. 3:05-CV-0001 TMB

**COMPLAINT IN INTERVENTION**

By order of court dated June 21, 2006, it was determined that The State of Alaska is ordered to join as a party plaintiff or as an intervenor for purposes of asserting its claim to a statutory assignment, lien and subrogation rights arising out of Medicaid payments made on behalf of plaintiff Marina Diaz.

The State of Alaska, Department of Health and Social Services accordingly, hereby files the Complaint in Intervention.

1.  The State of Alaska, Department of Health and Social Services, has provided medical assistance to Marina Diaz

through the Medicaid program as a result of the events giving rise to Marina Diaz's third-party claim against Safeway, Inc.

2.   The State has paid $9,262.41 for medical assistance provided to Marina Diaz as a result of the alleged negligence of the third-party defendant in the underlying claim.

3.   The State's Medicaid program was created and is administered under a specific legislative scheme whereby the state and federal government assist individuals in receiving health care benefits which they otherwise could not afford. The statutory scheme specifically requires repayment of advanced medical expenses by any tortfeasor or their insurer prior to the time that any funds can be paid in compensation to the injured party.

4.   Under the statutory scheme, the right of the State to recover is not limited by any of the equitable doctrines, "made whole" rules or other considerations that might be applicable to private insurers or medical service providers under analogous circumstances.

5.   Medicaid is a publicly funded medical assistance program established by Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.  The purpose of Medicaid is to provide medical benefits for our nation's poorest citizens.  Federal law requires that states participating in the Medicaid program

must agree to abide by federal Medicaid statutes and regulations in order to receive federal funds with which to pay medical benefits. On the federal level, Medicaid is administered by the Centers for Medicare & Medicaid Services (CMS). In Alaska, the program is administered by the Department of Health & Social Services (DHSS) DHSS receives approximately 60 percent of its funding for Medicaid benefits paid on behalf of Alaska public assistance recipients from the federal government.

6. In order to receive federal dollars, states can only pay an eligible Medicaid recipient's medical expenses if there is no other available source of payment for those expenses. 42 U.S.C. § 1396a(25)(H) requires:

[T]hat to the extent that payment has been made under the State plan for medical assistance in any case where a third party has a legal liability to make payment for such assistance, the State has in effect laws under which, to the extent that payment has been made under the State plan for medical assistance for health care items or services furnished to an individual, the State is considered to have acquired the rights of such individual to payment by any other party for such health care items or services.


42 U.S.C. § 1396k provides:

(a) For the purpose of assisting in the collection of medical support payments and other payments for medical care owed to recipients of medical assistance under the State plan approved under this subchapter, a State plan for medical assistance shall –

(1) provide that, as a condition of eligibility for medical assistance under the State plan to an individual who has the legal capacity to execute an assignment for himself, the individual is required – (A) to assign the State any rights, of the individual or of any other person who is eligible for medical assistance under this subchapter and on whose behalf the individual has the legal authority to execute an assignment of such rights, to support (specified as support for the purpose of medical care by a court or administrative order) and to payment for medical care from any third party;

7. The Alaska State Legislature adopted laws intended to ensure that the State acquires the rights of Medicaid recipients to any third-party resources or payments made available to the recipient as a consequence of injuries for which Medicaid assistance was provided. Alaska law provides that, to the extent of the value of the Medicaid assistance provided, the Department is subrogated to the recipient's

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

rights for any claim arising from the injury or illness. AS 47.05.070. Along with the subrogation right, the state also has an assignment and a statutory lien against any such recovery. AS 47.07.025 and AS 47.05.075.

8. Alaska law further allows the Department to choose to not provide Medicaid assistance at all if there appears to be a third-party liable for the injuries for which care is needed. AS 47.05.070. While federal law prohibits healthcare providers from refusing to treat a Medicaid patient, federal law does not prohibit states from directing a provider to seek payment directly from the liable third party. 42 U.S.C. § 1396a(25). However, in most cases the Medicaid program provides whatever funds are necessary to cover the medical expenses of those persons in need, but always with the reservation that the money will be returned to the Medicaid program if the recipient recovers from a third-party.

9. Plaintiff agreed to the following as a condition of Medicaid eligibility:

**MEDICAL REIMBURSEMENT AGREEMENT**

If the State of Alaska makes payment for services caused by injury or illness, you must agree to include all payments made by the State in any legal claim made against a third party and to notify the Division of Medical Assistance of that claim.

If you receive an insurance or court settlement, you must repay the State for the medical benefits provided as a result of the incident for which you are receiving the settlement. If married, but signing alone, you are acknowledging that benefits are for you, your spouse, or covered dependents. You and your spouse are both bound by this agreement.

10. Federal and state law clearly requires the Medicaid program to seek reimbursement from the liable third-party. Federal law requires that any state choosing to participate in the Medicaid program must take "all reasonable measures [to] ascertain the legal liability of third parties to pay for care and services provided" under the program. 42 U.S.C. 1396a(25)(A); 42 CFR § 433.138. The term "third-party" is defined as "any individual, entity or program that is or may be liable to pay all or part of the expenditures for medical assistance furnished". 42 CFR § 433.136. Alaska law allows a lien upon "any sum that may be due to the recipient of medical assistance from a third-party payor" AS 47.05.075.

11. The Plaintiff is in a more favorable financial position from having received Medicaid. Her medical bills were paid at a discounted Medicaid rate that health care providers are required to accept as a condition of participating in the program. If Plaintiff had not received medical assistance, she

would likely owe health care providers substantially more than the $9,262.41 paid by Medicaid on her behalf. Medicaid is not an insurance program, but a needs-based welfare program that relies in part on the recovery of public funds from tortfeasors to continue to provide medical assistance to other needy individuals in the future.

WHEREFORE, the state requests the court order that:

1. Plaintiff be required to reimburse the State of Alaska for the amount of the medical services provided by Medicaid at the time of settlement or judgment, pursuant to AS 47.05.070 and AS 47.05.075

2. The state be awarded reasonable attorneys fees and costs;

3. For such other relief as the court deems appropriate.

Dated this 7th day of August, 2005.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: /s/ Timothy M. Twomey
Timothy M. Twomey
Assistant Attorney General
Alaska Bar No. 050533

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100