**JOINT PROPOSED JURY INSTRUCTION NO. 1**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.1 - Duty of Jury (unmodified)

## DISPUTED INSTRUCTION NO. 2 RE CLAIMS AND
## DEFENSES OFFERED BY PLAINTIFF

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a personal injury action brought by plaintiff Marina Diaz against defendant Safeway, Inc.  On July 3, 2002, when she was seven months pregnant, Ms. Diaz slipped on some spilled fruit in the produce section of the Carr's store in Palmer.  Ms. Diaz claims that Safeway was negligent in maintaining its premises because it failed to clean up the spilled fruit in a reasonably timely manner or warn her of the hazardous condition posed by the spilled fruit.  Ms. Diaz received medical treatment at Valley Hospital on the day of the fall and six days later when a complication in her pregnancy arose.  Her baby boy Eugenio, Jr. was born healthy in September.  She later received physical therapy and chiropractic care for her lower back condition.  She claims that her injuries have caused her to lose wages at her job at Wal-Mart and later at the Peak Inn.  She seeks compensation in the way of medical expenses, lost wages and pain and suffering.  She also seeks punitive damages because she claims Safeway employees laughed at her predicament.

During Ms. Diaz' pre-natal medical treatment, Ms. Diaz asked her treating doctor, Dr. Faucett, to write a false statement saying that her baby was born with injuries due to the slip and fall and if she did so Ms. Diaz would share proceeds from a lawsuit with her.  Dr. Faucett emphatically refused and explained that this would be fraud.  Ms. Diaz has acknowledged that she did this and that it was wrong.

Safeway denies that it negligently maintained the premises or failed to warn Ms. Diaz of any hazard.  Safeway contends that it had no knowledge of the fruit in time to clean it up or to

warn Ms. Diaz of the hazardous condition.  Safeway also contends that Ms. Diaz'

**CONTINUED:  DISPUTED INSTRUCTION NO. 2 RE CLAIMS AND
DEFENSES OFFERED BY PLAINTIFF**

accident was a result of her own failure to exercise reasonable care for her safety.  Safeway

claims that any injuries and lost wages Ms. Diaz suffered were caused by her own negligence,

pre-existing medical conditions, or normal complications of her pregnancy, and not related to

the slip and fall accident.  Safeway disputes the claim that any Safeway employee laughed at

her predicament.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.2 - Claims and Defenses
(modified)

**DISPUTED INSTRUCTION NO.  2 RE: CLAIMS AND
DEFENSES OFFERED BY DEFENDANT**

To help you follow the evidence, I will give you a brief summary of the positions of the

parties:

The plaintiff claims that she was harmed because of the negligence of defendant

Safeway, Inc., and wants compensation from the defendant for the harm.  Plaintiff claims she

slipped on some spilled fruit in the produce section of Safeway's store located in Palmer on

July 3, 2002 because Safeway was negligent.

Defendant denies plaintiff's allegations.    Specifically, the defendant denies that it

negligently maintained the premises or failed to warn plaintiff of any hazard.  Defendant also

claims plaintiff's harm resulted, in whole or in part, from plaintiff's own negligence.    Plaintiff

denies this claim.


Manual of Model Jury Instructions for the Ninth Circuit, No. 1.2 - Claims and Defenses
(modified); Complaint and Answer to Complaint

**JOINT PROPOSED JURY INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which the lawyers stipulate.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.3 - What is Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 4**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.4 - What is Not Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 5**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.5 - Evidence for Limited Purpose (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.6 - Direct and Circumstantial Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 7**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.7 - Ruling on Objections (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.8 - Credibility of Witnesses (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 9**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Manual of Model Jury Instructions  for the Ninth Circuit, No. 1.9 - Conduct of the Jury (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 10**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, No. 1.10 - No Transcript Available to Jury (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 11**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.11 - Taking Notes (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 12**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.


Manual of Model Jury Instructions for the Ninth Circuit, No. 1.12 - Outline of Trial (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 13**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.13 - Burden of Proof - Preponderance of the Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 14**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.14 - Burden of Proof - Clear and Convincing Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 15**

The Spanish language may be used during this trial.

The evidence you are to consider is only that provided through the official court [interpreters] [translators]. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

Manual of Model Jury Instructions for the Ninth Circuit, No. 1.16 - Jury to be Guided by Official English Translation/Interpretation (modified for Spanish)

## JOINT PROPOSED JURY INSTRUCTION NO. 15.5

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [law clerk] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Manual of Model Jury Instructions for the Ninth Circuit, No. 2.1 – Cautionary Instruction- First Recess (unmodified)

**JOINT PROPOSED JURY INSTRUCTION 15.6**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Manual of Model Jury Instructions for the Ninth Circuit, No. 2.1 – Bench Conferences and Recesses (unmodified)

## JOINT PROPOSED JURY INSTRUCTION 15.7

[When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.] A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]\

Manual of Model Jury Instructions for the Ninth Circuit, No. 2.6 – Deposition Testimony as Substantive Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 16**

Evidence is now to be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures. The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

Manual of Model Jury Instructions for the Ninth Circuit, No. 2.13 - Use of Interrogatories of a Party (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 17

Members of the jury, now that you have heard all the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.1 - Duties of Jury to Find Facts and Follow Law (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 18**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which the lawyers have agreed or stipulated.


<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, No. 3.2 - What is Evidence (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 19

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.3 - What is Not Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 20**

Spanish has been used during this trial.

The evidence you are to consider is only that provided through the official court translators. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English translation. You must disregard any different meaning.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.4 - Jury to be Guided by Official English (modified by inserting Spanish)

## JOINT PROPOSED JURY INSTRUCTION NO. 21

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.5 - Direct and Circumstantial Evidence (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 22

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.6 - Credibility of Witnesses (unmodified)

**JOINT PROPOSED JURY INSTRUCTION 22.5**

You have heard testimony from [a] person[s] who, because of education or experience, [is] [are] permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.7 – Opinion, Evidence, Expert Witnesses (unmodified)

**DISPUTED INSTRUCTION NO 23 RE CHARTS AND
SUMMARIES OFFERED BY PLAINTIFF**

Certain charts and summaries have been received into evidence to illustrate

information brought out in the trial. Charts and summaries are only as good as the

underlying evidence that supports them. You should, therefore, give them only such weight

as you think the underlying evidence deserves.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.10 - Charts and Summaries in
Evidence (unmodified)

## DISPUTED INSTRUCTION NO. 23 RE CHARTS AND
## SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries that have not been received in evidence have been

shown to you in order to help explain the contents of books, records, documents, or other

evidence in the case. They are not themselves evidence or proof of any facts. If they do not

correctly reflect the facts or figures shown by the evidence in the case, you should disregard

these charts and summaries and determine the facts from the underlying evidence.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.90 - Charts and Summaries Not in
Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 24**

You have heard evidence that Marina Diaz asked her doctor for a false statement as to her baby boy.  You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe this witness and how much weight to give to the testimony of that witness.

Manual of Model Jury Instructions for the Ninth Circuit, No. 3.12 - Impeachment Evidence - Witness (modified)

**JOINT PROPOSED JURY INSTRUCTION NO. 25**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Manual of Model Jury Instructions for the Ninth Circuit, No. 5.1 - Burden of Proof - Preponderance of the Evidence (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 26**

When a party has the burden of proof on any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim or affirmative defense is true. The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

You should base your decision on all of the evidence, regardless of which party presented it.

Manual of Model Jury Instructions for the Ninth Circuit, No. 5.2 - Burden of Proof - Clear and Convincing Evidence (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 27

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Manual of Model Jury Instructions for the Ninth Circuit, No. 6.1 - Corporations and Partnerships - Fair Treatment (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 28**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Manual of Model Jury Instructions for the Ninth Circuit, No. 6.2 - Liability of Corporations - Scope of Authority Not in Issue (unmodified)

## DISPUTED INSTRUCTION NO. 29 RE
## CLAIMS OFFERED BY PLAINTIFF

The plaintiff, Marina Diaz, claims that she suffered an injury caused by the negligence of the defendant. The defendant denies the plaintiff's claim. To help you understand the evidence while it is being presented, I will now explain some of the legal terms you will hear during this trial.

Negligence is the failure to use reasonable care. Reasonable care is the degree of care that a reasonably prudent person would use under like circumstances. Someone can be negligent by doing something that a reasonably prudent person would not have done, or by failing to do something that a reasonably prudent person would have done.

It is not enough, however, that someone be negligent because to be held responsible for an injury the person's negligence must also have been a cause of the injury. To be a cause of an injury, the negligence must have played some part, no matter how small, in bringing that injury about.

The plaintiff claims that the defendant should be required to pay damages because its negligence was a cause of an injury suffered by the plaintiff. It is the plaintiff's burden to prove that by a preponderance of the evidence. The defendant, on the other hand, claims that the plaintiff was negligent and that the plaintiff's own negligence was a cause of the claimed injury. The defendant has the burden of proving that by a preponderance of the evidence.

**CONTINUED DISPUTED INSTRUCTION NO. 29 RE
CLAIMS OFFERED BY PLAINTIFF**


Should you determine that negligence of both the plaintiff and the defendant were

causes of an injury, then you will determine the percentage of fault attributable to the plaintiff.

Manual of Model Jury Instructions for the Ninth Circuit, No. 8.1 - Preliminary Jury Instruction -
For Federal Employers' Liability Act (45 U.S.C. §§ 51 and 53) (modified in the first paragraph
by removing employment language)

## DISPUTED INSTRUCTION NO. 30 RE:   ELEMENTS AND
## BURDEN OF PROOF OFFERED BY PLAINTIFF

On the plaintiff's negligence claim, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

    1.     the defendant was negligent; and

    2.     the defendant's negligence was a cause of an injury to the plaintiff.

If you find that both of these elements have been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

The defendant has the burden of proving both of the following elements by a preponderance of the evidence:

    1.     the plaintiff was negligent; and

    2.     the plaintiff's negligence was a cause of the plaintiff's own injury.

If you find that both of these elements on which the defendant has the burden of proof have been proved, you must reduce the percentage of fault attributable to the plaintiff.


Manual of Model Jury Instructions for the Ninth Circuit, No. 8.2 - FELA - Elements and Burden of Proof (modified in the first paragraph by removing employment language)

**DISPUTED INSTRUCTION NO. 30 RE: ELEMENTS AND
BURDEN OF PROOF OFFERED BY DEFENDANT**

The plaintiff claims that she was harmed because of the defendant's alleged negligence and wants compensation from the defendant for the harm.

In order to find that plaintiff is entitled to recover, you must decide that it is more likely than not true:

1.    the defendant was negligent;

2.    the negligence was a legal cause of the plaintiff's harm; and

3.    plaintiff was actually harmed.

I will later define negligence and legal cause for you.

Proposed Alaska Pattern Civil Jury Instruction 3.01 (unmodified).

**ADDITIONAL DISPUTED INSTRUCTION NO. 30 COMPARATIVE NEGLIGENCE**

Defendant claims that plaintiff Marina Diaz' harm resulted, in whole or in part, from her own negligence. This would be comparative negligence.

In order to find plaintiff was comparatively negligent, you must decide that it is more likely true than not true:

1.     that plaintiff was negligent, and

2.     that the negligence was a legal cause of her harm.

Instructions on the verdict form will tell you what to do if you decide that more than one party was negligent.

Proposed Alaska Pattern Civil Jury Instruction 3.02 (modified).

**JOINT PROPOSED JURY INSTRUCTION NO. 31**

Negligence is the failure to use reasonable care. Reasonable care is the degree of care that a reasonably prudent person would use under like circumstances to avoid injury to themselves or others. Negligence is the doing of something which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, under like circumstances.

Manual of Model Jury Instructions for the Ninth Circuit, No. 8.3 - FELA - Negligence Defined (unmodified)

**DISPUTED INSTRUCTION NO. 31.5 RE NEGLIGENCE OFFERED BY DEFENDANT**

The mere fact that plaintiff Marina Diaz allegedly fell in the produce section of the

Safeway's store, without more, does not establish that the defendant was negligent.

*Ogden Estate v. Deactur County Hosp.*, 509 N.E.2d 901, 903 (Ind. Ct. App. 1987); *Boykin v. Mr. Tidy Car Wash, Inc.*, 741 S.W.2d 270, 271 (Ark. 1987); *H.E. Butt Grocery Co., v. Godawa*, 763 S.W.2d 27, 30 (Tex. Civ. App. 1988).

**ADDITIONAL DISPUTED INSTRUCTION NO. 31.5**
**RE NEGLIGENCE OFFERED BY DEFENDANT**

In this case, Safeway has a duty to exercise reasonable care in the use, maintenance, or management of its premises in order to avoid exposing persons to an unreasonable risk of harm.

Alaska Pattern Civil Jury Instruction 6.01. (modified to refer to Safeway)  Alaska Civil Pattern Jury Instructions, found at http://www.state.ak.us/courts/juryins.htm#20 (last visited June 15, 2004)

## ADDITIONAL DISPUTED INSTRUCTION NO. 31.5
## RE NEGLIGENCE OFFERED BY DEFENDANT

Safeway, as the owner of the store, has a duty of care to maintain the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk.

Proposed Alaska Pattern Civil Jury Instruction 6.01 (modified to refer to Safeway).

**ADDITIONAL DISPUTED INSTRUCTION NO. 31.5**
**RE NEGLIGENCE OFFERED BY DEFENDANT**

If an unsafe condition of the property is so obvious that a person could reasonably be expected to observe it, then the owner does not have to warn others about the dangerous condition.

California Approved Jury Instruction 1004; *Moloso v. State,* 644 P.2d 205, 219 (Alaska 1982)

**DISPUTED INSTRUCTION NO. 31.6 RE**
**COMPARATIVE NEGLIGENCE OFFERED BY DEFENDANT**

If you conclude plaintiff Marina Diaz failed to observe and avoid an obvious condition,

that is a proper factor to be considered in assessing whether plaintiff failed to use due care

and was therefore comparatively negligent.

AS 09.17.900; AS 09.17.080(d); *Ward v. K Mart Corp.*, 554 N.E.2d 223, 228-29 (Ill. App.
1990).

## DISPUTED INSTRUCTION NO. 32 RE
## CAUSATION OFFERED BY PLAINTIFF

Negligence is a cause of an injury or damage if it played any part, no matter how small, in bringing about the injury or damage. Therefore, even if the negligence operated in combination with the acts of another, or in combination with some other cause, the negligence was a cause of the injury or damage if it played any part, no matter how small, in bringing about the injury or damage.

Manual of Model Jury Instructions for the Ninth Circuit, No. 8.4 - FELA - Causation (unmodified)

**DISPUTED INSTRUCTION NO. 32 RE
CAUSATION OFFERED BY DEFENDANT**

I will now define "legal cause" for you.  A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm.  An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

1.    the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

2.    the harm would not have occurred but for the act or failure to act.

Proposed Alaska Pattern Civil Jury Instruction 3.06.

**DISPUTED INSTRUCTION NO. 33 RE
REDUCTION OF DAMAGES OFFERED BY PLAINTIFF**

If you decide that the plaintiff was negligent and that the plaintiff's negligence was a cause of his injury you must then decide how much of his injury was caused by the plaintiff's negligence. This should be fixed as a percentage, for example, 10%, 50%, 90%. The percentage of the plaintiff's negligence, if any, is for you to decide. You must then write that percentage on the appropriate place on the verdict form. Do not make any reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of negligence that you assign to the plaintiff.

Manual of Model Jury Instructions for the Ninth Circuit, No. 8.7 - FELA - Plaintiff's Negligence - Reduction of Damages (45 U.S.C. § 53)

**JOINT PROPOSED JURY INSTRUCTION NO. 34**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:  physical injuries, pain and suffering, medical expenses and lost wages.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.


Manual of Model Jury Instructions for the Ninth Circuit, No. 7.1 - Damages - Proof (unmodified)

**DISPUTED INSTRUCTION NO. 34.5 RE**
**CAUSATION ON DAMAGES OFFERED BY DEFENDANT**

There are two aspects to damages, the first is causation.  The second is amount.

Before you determine the amount of damages, the evidence must prove that the loss claimed

by the plaintiff was more likely than not caused by the actions upon which you have decided to

award damages.  Only after you have determined that a causal relationship exists, do you then

decide how much damages to award, in the specific categories I have outlined for you.

*Pugliese v. Perdue*, 988 P.2d 577, 580 (Alaska 1999)

## DISPUTED INSTRUCTION NO. 35 RE
## DAMAGES OFFERED BY PLAINTIFF

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

The reasonable value of wages and earning capacity lost to the present time;

The reasonable value of wages and earning capacity which with reasonable probability will be lost in the future;


Manual of Model Jury Instructions for the Ninth Circuit, No. 7.2 - Measures of Types of Damages (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 36

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.


Manual of Model Jury Instructions for the Ninth Circuit, No. 7.3 - Damages - Mitigation (unmodified)

**DISPUTED INSTRUCTION NO. 37 RE
FUTURE DAMAGES OFFERED BY PLAINTIFF**

Any award for future economic damages must be for the present cash value of those damages.

Non-economic damages such as pain and suffering, loss of enjoyment of life and disability, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

Manual of Model Jury Instructions for the Ninth Circuit, No. 7.4 - Damages Arising in the Future - Discount to Present Cash Value (modified by inserting kinds of damages)

## JOINT PROPOSED JURY INSTRUCTION NO. 38

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Manual of Model Jury Instructions for the Ninth Circuit, No. 7.5 - Punitive Damages (unmodified other than bracketed language removed)

**JOINT PROPOSED JURY INSTRUCTION NO. 39**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Manual of Model Jury Instructions for the Ninth Circuit, No. 4.1 - Duty to Deliberate (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 40**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Jury Instructions for the Ninth Circuit, No. 4.2 - Use of Notes (unmodified)

**JOINT PROPOSED JURY INSTRUCTION NO. 41**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone⸺including me⸺how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Manual of Model Jury Instructions for the Ninth Circuit, No. 4.3- Communication with Court (unmodified)

## JOINT PROPOSED JURY INSTRUCTION NO. 42

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Manual of Model Jury Instructions for the Ninth Circuit, No. 4.4 - Return of Verdict (explanation of verdict form left out)

PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB

:
ic
09645
5

**PLAINTIFF'S SPECIAL VERDICT FORM
ON FOLLOWING PAGE**

Benjamin I. Whipple
481 West Arctic Avenue
Palmer, Alaska 99645
(907) 745-1776
bwhipple@mtaonline.net

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Marina V. Diaz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Safeway, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | Case No. 3:05-CV-0001 TMB |

## PROPOSED JOINT SPECIAL VERDICT FORM

We, the jury in the above-entitled case, find the following special verdict submitted to us in the above-captioned case:

(1)    Was the defendant Safeway, Inc. negligent?

Answer "yes" or "no."  Answer:  _____yes_____

If you answered the above question "no", do not answer any further questions. Your foreperson should date and sign this verdict.

However, if you answer "yes" to Question No. 1, then answer Question No. 2.

PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB

(2)     Was the negligence of Safeway, Inc. a legal cause of injury to the plaintiff?

Answer "yes" or "no."  Answer:  _____yes_____

If you answered Question No. 2 "no," do not answer any further questions.  Your foreperson should date and sign this verdict.

However, if you answered "yes" to both Question No. 1 and No. 2, then answer Question No. 3.

(3)     What are the damages, if any, suffered by plaintiff Marina Diaz as a legal result of the accident?

> (a)     Past economic loss (medical expenses, lost wages):
>
> $_____
>
> (b)     Past non-economic loss (pain and suffering, physical impairment, loss of enjoyment of life):
>
> $_____
>
> (c)     Future economic loss (medical expenses, lost wages, lost earning capacity):
>
> $_____
>
> (d)     Future non-economic loss (pain and suffering, physical impairment, loss of enjoyment of life):
>
> $_____
>
> TOTAL:       $_____

Your foreperson should date and sign this verdict.

DATED at Anchorage, Alaska, this _____ day of _____, 2006.

_____

PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB

62

Foreperson of the Jury

PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB

# DEFENDANT'S SPECIAL VERDICT FORM
## ON FOLLOWING PAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MARINA V. DIAZ,                          )
                                         )
                Plaintiff,               )
                                         )
        vs.                              )
                                         )
SAFEWAY, INC.,                           )
                                         )
                Defendant.               )
_____)   Case No. A05-0001CV (TMB)

**SPECIAL VERDICT FORM**

We, the jury in the above-entitled case, find the following Special Verdict on the issues

submitted to us in the above-captioned case:

1.      Did Safeway, Inc. negligently maintain the store premises near the produce

section on July 3, 2002?

Answer "Yes" or "No."

ANSWER:_____

If you have answered Question No. 1 "Yes", then answer the next question.  If your

answer is "No" then do not answer the remaining questions; simply date and sign this Special

Verdict form.

2.      Was Safeway, Inc.'s negligence a legal cause of the injury to Marina Diaz?

Answer "Yes" or "No."

PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB

ANSWER:_____

If you have answered Question No. 2 "Yes", then answer the next question.  If your answer is "No" then do not answer the remaining questions; simply date and sign this Special Verdict form.

3,     Was Marina Diaz comparatively negligent?

Answer "Yes" or "No."

ANSWER:_____

If you have answered Question No. 3 "Yes", then answer the next question.  If your answered "No" to Question No. 3, skip Question No. 4 and answer Question No. 5.

4.     Was Marina Diaz' negligence a legal cause of her injury?

Answer "Yes" or "No."

ANSWER:_____

If you answered Question No. 4 "Yes", the answer the next question.  If you have answered it "No' or left it blank, skip to Question No. 6.

Proceed to the next question.

5.     What is the amount of damages, if any, suffered by Marina Diaz as a legal result of any negligence by defendant:

(a)     Past economic loss                    $_____

(b)     Past non-economic loss               $_____

(c)     Future non-economic loss             $_____

PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB

**TOTAL**          $_____

Now answer the next question.

6.      Assuming 100% represents the combined negligence of the plaintiff Marina Diaz and defendant Safeway, Inc. that legally caused Ms. Diaz' damages, what portion of their combined negligence is attributable to each party:

Marina Diaz                              _____

Safeway, Inc.                            _____

100%

Your foreperson should date and sign the verdict in the appropriate space.

DATED at Anchorage, Alaska, this _____ day of September, 2006.


_____
FOREPERSON


PROPOSED JOINT SPECIAL VERDICT FORM
PLAINTIFF'S VERSION OF UNDISPUTED INSTR
3:05-CV-0001 TMB